```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FLOR GRIJALBA,
                                                                      ORDER
                                                                  20 CV 3398(LB)
         -against-

METRO RITE LAUNDROMAT, INC. and
HOWARD JI CHEN,

                       Defendants.
----------------------------------------------------------------X
```
**BLOOM, United States Magistrate Judge:**

Plaintiff brings this action against defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 and the New York Labor Law ("NYLL") §§ 190, 650 seeking to recover unpaid wages, unpaid overtime wages, spread of hours wages, statutory damages for failure to provide wage statements, and unlawful deductions from her wages. Compl. ¶¶ 49, 50, 56, 57, 69, ECF No. 3. The parties have settled this case and now move for Court approval of their settlement agreement.[1] Mot. Settl., ECF No. 21.

Plaintiff Flor Grijalba was employed by defendants to perform a variety of tasks at their laundromat from May 2012 until March 13, 2019. Id. ¶ 17, 21. Plaintiff worked six days per week, starting at approximately 8 a.m. and working until anywhere from 3:00 p.m. to 3:00 a.m. Id. ¶¶ 22-23. Although plaintiff worked over forty hours per week, defendants failed to pay her overtime. Id. ¶ 27. Defendants initially paid plaintiff $8 per hour, but increased her wages twice, first to $8.50 and then to $9. Id. ¶¶ 28-29. Plaintiff's hourly rate was always less than New York State's minimum wage. Id. ¶¶ 28-29. Additionally, plaintiff did not receive spread of hours pay when her shift was longer than ten hours per day. Id. ¶ 30. Plaintiff requested paid sick leave

---

[1] The parties consented to the jurisdiction of a Magistrate Judge for all purposes under 28 U.S.C. § 636(c). ECF No. 23.

after an injury on the job, but defendants denied her request for paid sick leave and she had to return to work after a two-day absence. Id. ¶ 41-44. Defendants also failed to provide plaintiff with wage statements. Id. ¶ 31-32.

Plaintiff commenced this action on July 28, 2020, Id., and defendants answered on December 22, 2020, Answer, ECF No. 15. The parties participated in a Court-annexed mediation on June 16, 2021, but were unable to reach a settlement. See ECF No. 18. The parties subsequently reached a settlement and now jointly move for Court approval of their settlement agreement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d. Cir. 2015). The parties' motion, (Mot. Settle., ECF No. 21), attaches their signed settlement agreement, (Settle. Agreement, Ex. 1, ECF No. 21).

In Cheeks v. Freeport Pancake House, Inc., the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." 796 F.3d 199, 206 (2d Cir. 2015). Provisions that are unacceptable include: (1) restrictive confidentiality provisions; (2) overbroad releases that waive all claims, especially those with no connection to a plaintiff's wage-and-hour case; (3) and awards of attorney's fees without record support. Id. (quoting Lopez v. Nights of Cabiria, 96 F. Supp. 3d 170, 177-82 (S.D.N.Y. 2015)).

In reviewing FLSA settlement agreements, Courts seek to determine if the parties' proposed resolution is "fair and reasonable." Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925(NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)). The court considers the following factors to determine if a settlement is reasonable:

> (1) [T]he plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in

establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.

Id. (citing Medley v. Am. Cancer Soc., No. 10-CV-3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). There is a strong presumption in favor of finding a proposed FLSA settlement agreement to be fair and reasonable because the Court can never be "in as good of a position as the parties to determine the reasonableness of an (sic) FLSA settlement." Martinez Aguilar v. VBFS Inc., No. 19-CV-621(JLC), 2020 WL 1036071, at *1 (S.D.N.Y. Mar. 3, 2020) (internal quotation marks omitted) (quoting Souza v. 65 St. Marks Bistro, No. 15-CV-327(JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015)); Cortes v. Bronx Bar and Grill, LLC, No. 19-CV-2819(SN), 2019 WL 6318430, at *1 (S.D.N.Y. Nov. 25, 2019) (quoting Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)).

The parties' agreement provides that the defendants shall pay plaintiff $40,000 to settle this case. Settle. Agreement ¶ (1)(a). Upon Court approval, defendants shall pay plaintiff $20,000 on October 31, 2021. Id. ¶ (1)(b). Defendants shall pay the remainder of the settlement in $1,000 monthly installments for the following twenty months. Id. Defendants have executed a confession of judgment, which will be held in escrow by plaintiff's counsel pending full payment of the settlement.[2] Id. ¶ (2)(a). The agreement provides that "Plaintiff hereby discharges Defendants…from all claims relating specifically to the litigation that has occurred…including claims under the FLSA and the New York Labor Law." Id. ¶ (3)(a).

The Court looks to the factors set forth in Wolinsky v. Scholastic, Inc. to determine the reasonableness of the settlement. One factor the Court considers is whether "the settlement will

---

[2] In their motion for settlement, the parties state that the confession of judgement is attached to the settlement agreement as "exhibit 1;" the settlement agreement itself is exhibit 1 to the parties' motion. See Settle. Agreement (2)(a). A copy of the confession of judgment was not provided with the parties' motion papers.

3

enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses." Wolinsky, 900 F. Supp. 2d at 335 (internal quotation marks omitted). The parties assert that because defendant's business has closed, protracted litigation would further diminish defendants' assets and would likely prevent any recovery on plaintiff's part. Mot. Settle. 5.[3] Settlement at this early stage of the litigation significantly diminishes uncertainty about the plaintiff's recovery. See Chun Lan Guan v. Long Island Bus. Inst., Inc., No. 15-CV-2215 (CBA) (VMS), 2020 WL 1289517, at * 3 (E.D.N.Y. Mar. 18, 2020) (citing Reyes v. Buddha-Bar NYC, 08-CV-2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)). The goal of avoiding lengthy and expensive litigation also weighs in favor of settlement approval. See Cionca v. Interactive Realty, LLC, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *2 (S.D.N.Y. June 10, 2016) (finding a settlement amount reasonable given the "risk and expense" of further litigation).

The Court must also consider whether the settlement "is the product of arm's length bargaining between experienced counsel." Wolinsky, 900 F. Supp. 2d at 335 (quoting Medley, 2010 WL 3000028, at 1). The parties negotiated for over a year and participated in a Court-annexed mediation on June 16, 2021. Mot. Settle. 5. The record reflects that the settlement is "the result of arm's-length negotiations between counsel experienced in wage and hour matters." See Acosta v. Prudent Mgmt., LLC, No. 17-CV-7590(VSB), 2021 WL 391332, at *2 (S.D.N.Y. Feb. 4, 2021).

FLSA settlements that include a waiver of all claims, including those besides wage-and-hour claims, should be rejected. Cheeks, 796 F.3d at 206 (citation omitted); Gurung v. White Way Threading, LLC, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (collecting cases). Courts

---

[3] For ease of reference, the Court refers to the ECF pagination as the parties' papers are not page-numbered.

generally approve release provisions which are tailored by their terms to wage-and-hour claims. See, e.g., Flores Galloso v. 3821 Food Corp., No. 20-CV1940(RA), 2021 WL 860343, at *2 (S.D.N.Y. Mar. 8, 2021) (collecting cases); Pena v. NB Network Sols., Inc., No. 19-CV-1681(RA), 2020 WL 2614767, at *2 (S.D.N.Y. May 22, 2020); Abreu v. Congregation Yetev Lev D'Satmar Meats & Poultry, Inc., No. 17-CV-272(KAM)(LB), 2019 WL 2526087, at *7 (E.D.N.Y. June 19, 2019). The provision in the parties' settlement agreement provides release "from all claims relating specifically to the litigation that has occurred as of the effective date of this agreement claims (sic) including claims under the FLSA and New York Labor Law." Settle. Agreement ¶ (3)(a). This release, which is limited to FLSA and New York Labor Law claims in this litigation, is appropriate. See Wiles v. Logan Staffing Sols., No. 18-CV-9953(RA), 2020 WL 996735, at *2 (S.D.N.Y. Mar. 2, 2020) (approving a release limited to unpaid wages); Yunda v. SAFI-G, Inc., No. 15 Civ. 8861(HBP), 2017 WL 1608898, at *3 (S.D.N.Y. Apr. 28, 2017) (approving of a release which is limited to FLSA claims).

      Prevailing plaintiffs are entitled to recover reasonable attorney's fees under both FLSA and the NYLL but must provide adequate support for the requested amount. Fisher v. SD Prot. Inc., 948 F.3d 593, 600 (2d Cir. 2020) (citing N.Y. State Ass'n for Retarded Child, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983)). Here, plaintiff is represented by a not-for-profit organization which has waived any fees. Mot. Settle. 6. The Court commends the parties' counsel and especially thanks plaintiff's counsel and the New York Legal Assistance Group for representing plaintiff in this action.

Accordingly, the Court grants the instant motion (ECF No. 21) and approves the parties settlement agreement as fair and reasonable. Defendants shall pay plaintiff $40,000 as set forth in the settlement agreement. The Clerk of Court is directed to close this case.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: October 7, 2021
      Brooklyn, New York